Singh v PGA Tour, Inc. (2018 NY Slip Op 04647)





Singh v PGA Tour, Inc.


2018 NY Slip Op 04647


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


651659/13 -6933A 6933 6932

[*1] Vijay Singh, Plaintiff-Respondent-Appellant,
v
PGA Tour, Inc., Defendant-Appellant-Respondent.


Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jeffrey A. Mishkin of counsel), for appellant-respondent.
Peter R. Ginsberg Law LLC, New York (Peter R. Ginsberg of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 15, 2017, insofar as it granted in part and denied in part defendant's motion for summary judgment dismissing plaintiff's claim of breach of the implied covenant of good faith and fair dealing, and denied in part plaintiff's motion for summary judgment on that claim, unanimously affirmed, with costs. Order, same court and Justice, entered on or about September 21, 2017, which upon reargument, adhered to the original order, unanimously affirmed, with costs. Appeal from the May 15, 2017 order, insofar as it denied plaintiff's motion to strike a witness's affidavit and to preclude the witness from testifying at trial, unanimously dismissed, without costs.
The motion court correctly denied summary judgment dismissing the cause of action against defendant for breach of the implied covenant of good faith and fair dealing based on defendant's alleged failure to exercise its discretion in good faith by summarily suspending plaintiff and publicly discussing the suspension (see generally Dalton v Educational Testing Serv. , 87 NY2d 384, 389 [1995]). Issues of fact exist as to whether defendant exercised such discretion arbitrarily, irrationally or in bad faith by failing to confer with or defer to the World Anti-Doping Agency (WADA), the alleged authority on the matter, prior to taking action against plaintiff and making public statements, since WADA's position on the substance at issue was nuanced. Issues of fact also exist on whether false and inaccurate statements made by Vowtow and Fincham implicating plaintiff's use of a banned substance were in violation of the implied covenant of good faith and fair dealing. The issue of whether and what damage resulted from any offending conduct remains an issue for trail. The court properly dismissed so much of that claim as relied on plaintiff's allegation that he was treated differently than other similarly situated members of the Tour.
No appeal lies from the May 15, 2017 order insofar as it denied plaintiff's motion to strike a witness's affidavit and to preclude him from testifying at trial (see Weatherbee Constr. Corp. v Miele , 270 AD2d 182, 183 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK